J-S21010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JONES | : | |
| | : | |
| Appellant | : | No. 1611 MDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005514-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JONES | : | |
| | : | |
| Appellant | : | No. 1612 MDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006180-2016

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  AUGUST 5, 2022**

Appellant, Kevin Jones, appeals from the May 10, 2021 Order entered in the Court of Common Pleas of York County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we remand to the PCRA court for further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This appeal involves a convoluted procedural history, which we recount in relevant part as follows. On November 2, 2017, a jury convicted Appellant of two counts each of Burglary and Criminal Trespass, and one count each of Theft by Unlawful Taking, Indecent Assault, and Criminal Attempt of Sexual Assault. On February 28, 2018, the court sentenced Appellant to 12 to 24 years' incarceration. On April 17, 2019, this Court affirmed, and Appellant did not seek review by our Supreme Court. *Commonwealth v. Jones*, No. 551 MDA 2018 (Pa. Super. filed Apr. 17, 2019) (non-precedential decision).

On September 23, 2019, Appellant *pro se* timely filed the instant PCRA Petition, his first. The PCRA court appointed counsel who, on March 18, 2021, filed a *Turner*/*Finley*[1] no-merit letter. At the conclusion of the letter, counsel informed Appellant that he would "be also filing a [p]etition with the [c]ourt: resting [sic] to withdraw as counsel." *Turner*/*Finley* Letter, 3/18/21, at 10. Despite informing Appellant that he intended to, counsel did not at that time file a petition to withdraw as counsel.

On April 12, 2021, the PCRA court issued a Pa.R.Crim.P. 907 Notice, informing Appellant of its intent to dismiss his petition without a hearing. The court explained to Appellant that "your motion for post-conviction collateral relief will be dismissed without further proceeding because your attorney has determined that the issues raised in your *pro se* PCRA Petition are without

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

merit." Rule 907 Notice, 4/12/21, at 1 (unpaginated). The court provided no further explanation of its reasons for dismissing Appellant's petition.[2, 3]

On May 10, 2021, the PCRA court issued an order dismissing Appellant's petition. On May 26, 2021, Appellant filed a copy of the PCRA court's order dismissing his petition, on which Appellant handwrote: "I would like to appeal order denying post-conviction relief." *Pro Se* Correspondence, 5/26/21. Appellant also handwrote: "Requesting coun[s]el to help with notice of appeal please." **Id.** Neither Appellant nor his counsel, however, filed a notice of appeal.

On June 7, 2021, Appellant's counsel filed a petition to withdraw. The court granted counsel's request on June 8, 2021.

The court appointed Appellant's current PCRA counsel on June 25, 2021. On August 9, 2021, Appellant filed a counseled PCRA Petition requesting

---

[2] We note that Rule 907 requires that the court "shall state in the notice the reasons for dismissal." Pa.R.Crim.P. 907(1). Here, the PCRA court informed Appellant that it was dismissing his petition solely because his counsel determined that his issues were without merit. Rule 907 Notice at 1. Not only is this clear error, **see Commonwealth v. Glover**, 738 A.2d 460, 466 (Pa. Super. 1999) (explaining that a PCRA court errs by "adopting counsel's no-merit letter" instead of providing independent reasoning), but it also raises a significant concern that the PCRA court failed to fulfill its duty to conduct an independent review of the merits of the case. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (explaining that where PCRA counsel satisfies the technical demands of **Turner**/**Finley**, the PCRA court "must then conduct its own review of the merits of the case").

[3] On April 27, 2021, Appellant *pro se* filed objections to the PCRA court's Rule 907 Notice. These objections are listed on the docket but are not included in the certified record.

reinstatement of his right to file a direct appeal from the court's May 10, 2021 dismissal order. The court granted Appellant's request and this timely appeal followed.[4]

In this appeal, Appellant asserts that the PCRA court erred by issuing its Rule 907 Notice and ultimately dismissing his petition when counsel failed to concurrently file with the court and provide to Appellant a petition to withdraw representation. Appellant's Br. at 15-24. The PCRA court and Commonwealth agree, and request that this Court remand the case to the PCRA court. PCRA Ct. Op., 2/11/22, at 5-6; Appellee's Letter Brief at 1-2.

When reviewing an order dismissing a PCRA Petition, we determine whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014).

Relevant to the instant appeal, ***Turner***/***Finley*** and its progeny require that counsel who concludes that a PCRA Petition is without merit must file with the court an application to withdraw as counsel and "attach to the application a 'no merit' letter[.]" ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006), *abrogated on other grounds by* ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009). The letter must detail the nature and extent of counsel's review, list the issues petitioner wants to have reviewed, explain why and how those issues lack merit, and request permission to withdraw. ***Commonwealth***

---

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

***v. Muzzy***, 141 A.3d 509, 510-11 (Pa. Super. 2016). "Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter[]; (2) **a copy of counsel's petition to withdraw**; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (emphasis added).

As a general matter, "[i]f counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the merits of the underlying claims" or allow counsel to withdraw but must, instead, direct counsel to comply with ***Turner***/***Finley*** and its progeny or file an advocate's brief. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). ***See also Commonwealth v. Maisey***, Nos. 1238, 1239 MDA 2021, 2022 WL 2112905 at *1 (Pa. Super. filed June 13, 2022) (non-precedential decision) (denying request to withdraw PCRA representation and remanding to PCRA court where counsel failed to concurrently file petition to withdraw alongside no-merit letter); ***Commonwealth v. Smith***, No. 3584 EDA 2019, 2020 WL 7385798 at *4 n.6 (Pa. Super. filed Dec. 16, 2020) (non-precedential decision) (remanding to PCRA court and criticizing PCRA counsel for, *inter alia*, failing to "file a separate motion to withdraw"). ***Cf. Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa. Super. 2011) (concluding that in the absence of a petition to withdraw *and* no-merit letter, PCRA court lacks authority to permit withdrawal of counsel).

Here, counsel did not file a petition to withdraw with his "no-merit" letter and, consequently, did not send to Appellant a copy of a petition to withdraw.

As a result, counsel failed to satisfy the technical prerequisites of ***Turner***/***Finley***. At this point, the PCRA court should have instructed counsel to file a petition to withdraw and send a copy to Appellant, to comply with the strictures of ***Turner***/***Finley***. The court erred by proceeding to issue its Rule 907 Notice and ultimately to dismissing Appellant's petition.[5] ***See Wrecks***, 931 A.2d at 721.

Appellant is currently represented by new court-appointed counsel. We, therefore, vacate the PCRA court's order dismissing Appellant's petition and remand for Appellant's counsel to file either an amended, counseled petition or application to withdraw accompanied by a ***Turner***/***Finley*** "no-merit" letter.[6] Thereafter, the PCRA court may take whatever action it deems appropriate, including holding a hearing or issuing a 907 Notice. We, however, remind the trial court that it must state its reasons in the 907 Notice for denying the petition and cannot merely refer to the ***Turner***/***Finley*** letter that Appellant's counsel filed.

---

[5] As discussed *supra*, the court's Rule 907 Notice was likewise woefully inadequate.

[6] First time PCRA petitioners, such as Appellant, have a rule-based right to counsel. ***Commonwealth v. Bates***, 272 A.3d 984, 988 (Pa. Super. 2022). Therefore, "where an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel." ***Commonwealth v. Tedford***, 781 A.2d 1167, 1170 (Pa. 2001). In the instant case, initial PCRA counsel did not file an amended PCRA Petition on Appellant's behalf but, instead, filed a ***Turner***/***Finley*** letter. To ensure satisfaction of Appellant's right to counsel, it is necessary to provide current PCRA counsel the opportunity to evaluate the merit of Appellant's claims.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/05/2022