J-S42034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. MARTIN | : | |
| | : | |
| Appellant | : | No. 398 WDA 2022 |

Appeal from the PCRA Order Entered March 15, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003982-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY BOWES, J.:          **FILED: JUNE 6, 2023**

I agree with the Majority that this case must be remanded for the PCRA court to address claims of prior PCRA counsel's ineffectiveness.  I write separately to highlight an issue of PCRA court error and its ramifications on the proceedings following remand.

These post-conviction proceedings began in the proper and customary fashion.  Upon the *pro se* filing of Appellant's first PCRA petition, the PCRA court correctly appointed James Robinson, Esquire, as counsel. Attorney Robinson sought to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and the PCRA court issued Pa.R.Crim.P. 907

_____

[*] Retired Senior Judge assigned to the Superior Court.

notice of its intent to dismiss the petition without a hearing. In opposition, Appellant availed himself of the holding of **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and raised multiple *pro se* claims of Attorney Robinson's ineffective assistance "at the first opportunity to do so[.]" **Id**. at 401. In particular, Appellant raised the same issues that he advances on appeal. **See** Response to Notice of Intent to Dismiss, 7/9/18, at 9-14 (claiming that Attorney Robinson was ineffective in failing to pursue or address claims concerning Appellant's mental health records, the available diminished capacity defense, the lack of communication of a plea offer, and the waiver on direct appeal of the challenge to autopsy photos). Appellant later added a claim of ineffective assistance in the failure to call Hope Miller as a witness at trial. **See** Supplemental PCRA Summary, 10/4/19, at 1-5. The PCRA court ultimately granted Attorney Robinson's withdrawal request upon determining that none of the issues Appellant had raised in his petition was meritorious or warranted a hearing.[1]

Thereafter, procedural irregularities ensued. Despite concluding that the petition raised no issues to be resolved after a hearing, the PCRA court

---

[1] In what in hindsight was the first indication that these proceedings were straying from the usual path, the PCRA court did not immediately allow counsel to withdraw upon determining that Attorney Robinson properly concluded that the petition was meritless and there was no point in further proceedings. Instead, the PCRA court took Attorney Robinson's request under advisement, and informed Appellant that he could respond to the notice *pro se* or with the assistance of his not-yet-dismissed counsel. **See** Notice of Intent to Dismiss, 3/19/18, at 11-12.

also ruled that Appellant was "entitled to present facts that might support his position" as to the claims of PCRA counsel's ineffectiveness. **See** N.T. Hearing, 10/16/18, at 8. Therefore, instead of dismissing the petition as indicated in its Rule 907 notice, the PCRA court held a hearing on Appellant's claims of ineffective assistance of PCRA counsel, but denied his request for the appointment of new counsel, requiring Appellant to proceed *pro se*.

The PCRA court's failure to appoint counsel to represent Appellant at the PCRA hearing on his challenges to the ineffectiveness of PCRA counsel was legal error. Pursuant to Pa.R.Crim.P. 904(D), the PCRA court must appoint counsel to represent an indigent petitioner any time it determines an evidentiary hearing is necessary, even where no right to counsel otherwise attaches. **See**, **e.g.**, **Commonwealth v. Laboy**, 230 A.3d 1134, 1138–39 (Pa.Super. 2020). The only time a PCRA petitioner should appear *pro se* at an evidentiary hearing is if he has made a knowing and voluntary waiver of his right to counsel pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Furthermore, "[i]f the appointment of counsel is deemed necessary for purposes of conducting an evidentiary hearing, then the petitioner requires the assistance of counsel throughout the litigation of the issue," including the

appeal process. ***Commonwealth v. Jackson***, 965 A.2d 280, 284 (Pa.Super. 2009).

Thus, once the PCRA court determined that Appellant raised claims that necessitated a hearing, it was required to appoint counsel to represent Appellant at that hearing and thereafter. The PCRA court's failure to do so constituted reversible error that belies present PCRA counsel's contention that this appeal is wholly without merit. ***See Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011) ("[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake."). In my view, this overlooked issue itself provides a basis to justify the Majority's decision to deny present PCRA counsel's withdrawal request.

Had this appeal followed a dismissal of Appellant's petition after he proceeded to his hearing *pro se*, remanding for the appointment of counsel to litigate the claims of initial PCRA counsel's ineffectiveness would be the proper disposition. ***See***, ***e.g.***, ***Commonwealth v. Betts***, 240 A.3d 616, 624-25 (Pa.Super. 2020). However, in another unusual twist, after the hearing but before the PCRA court dismissed the petition, Appellant retained PCRA counsel, David J. Shrager, Esquire, who was granted permission to essentially

begin the PCRA process anew with an amended PCRA petition.[2] Attorney Shrager's petition both added new claims and re-asserted one of the claims Attorney Robinson opined was without merit, and the PCRA court held a new hearing on the new petition. As such, Appellant has already, to some extent, seen his right to the assistance of counsel in prosecuting his first PCRA petition vindicated. Consequently, I see no need to remand to restart the proceedings at square one. *Cf. Commonwealth v. Bates*, 272 A.3d 984, 989 (Pa.Super. 2022) (requiring second PCRA petition to be considered a timely first petition where the petitioner was denied counsel in connection with his actual timely first petition).

Rather, I agree with the Majority that, on remand, Appellant should be afforded the right to pursue, with the assistance of appointed counsel, the *Bradley* claims that he raised before Attorney Shrager entered an appearance and in effect re-initiated these PCRA proceedings. I also agree with my esteemed colleagues that Appellant must be afforded the opportunity to litigate those claims free from any ill-effects or unfavorable evidence or rulings occasioned by the PCRA court's error in compelling Appellant to present those claims *pro se*. *See* Majority Memorandum at 14-15 (indicating that Appellant has the right upon remand to relitigate with the assistance of counsel claims

---

[2] For clarity's sake, I note that Attorney Shrager was permitted to withdraw after the petition was denied, and present PCRA counsel, Adam R. Gorzelsky, Esquire, was appointed to represent Appellant in this appeal.

addressed in the *pro se* hearing). Under the unusual facts of this case, consideration of Appellant's **Bradley** claims on a clean slate, with the assistance of counsel, whether that be present counsel or a fourth appointed attorney, is the proper remedy for the PCRA court's prior error in denying Appellant counsel.

Judges Olson and Colins join this Concurring Memorandum.