J-S07007-22

2022 PA Super 53

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID RYAN BATES :
:
Appellant : No. 981 WDA 2021

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003421-2016

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

OPINION BY OLSON, J.: **FILED: March 29, 2022**

Appellant, David Ryan Bates, appeals *pro se* from the order entered on August 16, 2021, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate the PCRA court's order and remand.

On March 1, 2016, Appellant pleaded guilty to theft by unlawful taking at the discrete docket number of CP-25-CR-0002443-2015 (hereinafter "Docket Number 2443-2015"). As the PCRA court explained, "[o]n May 6, 2016, [Appellant] was sentenced [at Docket Number 2443-2015] . . . to 30 days to [six] months' incarceration, followed by [two] years of supervised probation. . . . [Appellant] was paroled on May 18, 2016." PCRA Court Opinion, 4/4/18, at 2.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 28, 2016, the Commonwealth charged Appellant at the current docket number – docket number CP-25-CR-0003421-2016 (hereinafter "Docket Number 3421-2016") – with a number of crimes, including: possession of a controlled substance with the intent to deliver ("PWID"), receiving stolen property, persons not to possess firearms, firearms not to be carried without a license, and possession of cocaine.[1] As we explained:

> At the first trial, the jury (1) found Appellant guilty of possession of a firearm prohibited, firearms not to be carried without a license, and possession of a controlled substance; (2) acquitted him of receiving stolen property; and (3) was unable to agree on a verdict as to PWID. On April 7, 2017, the trial court sentenced Appellant to concurrent sentences on his three convictions, yielding an aggregate term of five to ten [years'] imprisonment.
>
> A new jury trial was held on the PWID charge on June 22, 2017, resulting in a conviction. On August 7, 2017, Appellant was sentenced on the PWID conviction to eighteen to thirty-six months incarceration, set to run consecutively to the five-to-ten-year sentence imposed on April 7, 2017.

**Commonwealth v. Bates**, 195 A.3d 1032 (Pa. Super. 2018) (unpublished memorandum) at 3 (footnote omitted).

Appellant filed a timely notice of appeal at Docket Number 3421-2016, where he challenged the sufficiency of the evidence supporting his convictions and claimed that his sentence was illegal. **See id.** at 4. On August 27, 2018,

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 3925(a), 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), and 35 P.S. § 780-113(a)(16), respectively.

this Court held that Appellant's sufficiency claims failed, but that his sentence was illegal because his simple possession conviction merged with his PWID conviction for sentencing purposes. Nevertheless, since the trial court ordered Appellant's sentence for simple possession to run concurrently with his other sentences, we simply vacated Appellant's sentence for simple possession and did not remand for resentencing, as our order did not upset the trial court's sentencing scheme. *Id.* at 10-11; *see also Commonwealth v. Robinson*, 817 A.2d 1153, 1163 n.14 (Pa. Super. 2003) (holding: "our disposition does not upset the [trial] court's sentencing scheme as the sentence we reverse here had been ordered to run concurrent to the sentence imposed on [another] conviction. Under these circumstances, there is no need to remand for resentencing").

Appellant filed a timely petition for allowance of appeal at Docket Number 3421-2016 with our Supreme Court. The Supreme Court denied Appellant's petition for allowance of appeal on March 13, 2019. *See Commonwealth v. Bates*, 204 A.3d 364 (Pa. 2019).

As the PCRA court explained:

> As a result of [Appellant's] charges at [Docket Number 3421-2016], on April 7, 2017, [the trial court] revoked [Appellant's] parole/probation at [Docket Number 2443-2015] and re-sentenced him to [one to five] years' incarceration. . . . This sentence was made consecutive to [Appellant's] sentence at [Docket Number 3421-2016]."

PCRA Court Opinion, 4/4/18, at 2-3.

On February 16, 2018 – while Appellant's direct appeal at Docket Number 3421-2016 was pending before this Court – Appellant filed a PCRA petition and claimed that "he was awarded an illegal sentence upon revocation because his revocation sentence was greater than his original sentence." *Id.* at 3. Appellant's PCRA petition listed both Docket Number 2443-2015 and Docket Number 3421-2016 in the caption and the PCRA petition was filed at both docket numbers. *See* Appellant's Supplement to Motion for PCRA Relief, 3/27/18, at 1 (listing both docket numbers in the caption). Nevertheless, the post-conviction claim and the PCRA petition pertained solely to Docket Number 2443-2015, as that was the docket where the trial court "revoked [Appellant's] parole/probation . . . and re-sentenced him to [one to five] years' incarceration." *See* PCRA Court Opinion, 4/4/18, at 2-3. Further, since Appellant's direct appeal at Docket Number 3421-2016 was pending before this Court when Appellant filed his PCRA petition, the PCRA court lacked jurisdiction to consider any PCRA petition relating to Docket Number 3421-2016 until the direct appeal at Docket Number 3421-2016 was resolved. *See Commonwealth v. Leslie*, 757 A.2d 984, 985 (Pa. Super. 2000) (holding: a "PCRA court [does] not have jurisdiction to proceed in [a PCRA] action while [an] appeal to the Superior Court [is] pending"); *see also Commonwealth v. Smith*, 244 A.3d 13, 16-17 (Pa. Super. 2020) ("[i]t is well-settled that a PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights. Indeed, the PCRA provides petitioners with a means of collateral review, but has no applicability until the

- 4 -

judgment of sentence becomes final.  Furthermore, this Court has explained: 'If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his direct appeal rights have been exhausted'") (citations, corrections, and some quotation marks omitted).

The PCRA court recognized that the petition related solely to Docket Number 2443-2015 and acknowledged that it did not have jurisdiction to consider any post-conviction collateral claims pertaining to Docket Number 3421-2016, as Appellant's direct appeal at that docket was still pending before the Superior Court.  PCRA Court Opinion, 4/4/18, at 1 n.1 (the PCRA court declared:  "[w]e note that [the] related [Docket Number 3421-2016], pertaining to drug and gun charges, is currently on appeal to the Pennsylvania Superior Court.  . . . As such, we are without jurisdiction to hear any substantive issues with regard to that docket.  However, the judgment of sentence at [Docket Number 2443-2015], pertaining to retail theft charges and a revocation based on [new charges] . . . , has not been appealed").  The PCRA court eventually dismissed this PCRA petition on June 22, 2018.  **See** PCRA Court Order, 6/22/18, at 1.

As noted above, on August 27, 2018, this Court affirmed in part and vacated in part Appellant's judgment of sentence at Docket Number 3421-2016.  The Pennsylvania Supreme Court then denied Appellant's petition for allowance of appeal on March 13, 2019.  **See Commonwealth v. Bates**, 195 A.3d 1033 (Pa. Super. 2018), *appeal denied*, 204 A.3d 364 (Pa. 2019).

- 5 -

On February 21, 2020, Appellant filed a timely, *pro se*, first PCRA petition at Docket Number 3421-2016. Although this was Appellant's first PCRA petition – and Appellant, thus, had a rule-based right to have counsel represent him during the PCRA proceedings[2] – the PCRA court neither appointed counsel for Appellant nor held a hearing to determine whether Appellant wished to waive his right to counsel. ***See*** Pa.R.Crim.P. 904(C) ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); ***Commonwealth v. Stossel***, 17 A.3d 1286 (Pa. Super. 2011) ("where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake"). Indeed, the PCRA court expressly refused to appoint counsel to represent Appellant during the proceedings because, it reasoned: "counsel was appointed to represent [Appellant] on his first PCRA [petition], filed on February 16, 2018. Counsel filed a supplement to the PCRA [petition] on March 27, 2018. [Appellant] is not entitled to have counsel appointed to him on subsequent PCRAs." PCRA Court Opinion, 5/5/20. However, as was explained above, Appellant's February 16, 2018 PCRA petition did not relate

_____

[2] Appellant has been indigent throughout all proceedings and, in his first PCRA petition, Appellant averred that he remained indigent. ***See*** Appellant's First PCRA Petition, 2/21/20, at 8.

- 6 -

to the current docket number. Instead, the earlier petition related solely to Docket Number 2443-2015.

On May 21, 2020, the PCRA court finally dismissed Appellant's petition and Appellant filed a timely, *pro se*, notice of appeal. **See** PCRA Court Order, 5/21/20, at 1; Notice of Appeal, 6/17/20, at 1.

Before this Court, Appellant twice requested that we appoint counsel to represent him on appeal and, twice, we erroneously denied his requests in *per curiam* orders. **See** Superior Court Order at 50 WDM 2020, 6/23/20, at 1 ("[a]s it appears that this is an appeal from [Appellant's] second PCRA, his request for appointment of counsel is denied) (emphasis omitted); Superior Court Order at 654 WDA 2020, 7/13/20, at 1 ("[t]o the extent that Appellant seeks to have counsel appointed to him for the purpose of the appeal at 654 WDA 2020, the application is denied as it appears that Appellant is not entitled to counsel as this is an appeal from his second or subsequent PCRA petition") (emphasis and some capitalization omitted). We then dismissed Appellant's appeal on October 14, 2020 because Appellant failed to file a docketing statement. **See** Superior Court Order, 10/14/20, at 1.

Following the dismissal of Appellant's appeal, Appellant filed, in this Court, a *pro se* application to reinstate his appeal. He requested that his appeal be reinstated because: "I was never granted representation on [the] above docket and [I am] also indigent." Appellant's Application to Reinstate Appeal, 1/11/21, at 1. We denied Appellant's application on January 26, 2021. Superior Court Order, 1/26/21, at 1.

On July 12, 2021, Appellant filed a *pro se* petition in the PCRA court, entitled "Motion for Writ of Error Requesting Re-Appointment of Counsel – For PCRA Not Filed on Feb. 16, 2018 as Court Proclaims Which Docket Entries of Feb. 16, 2018 Proves" (hereinafter "Appellant's Current PCRA Petition").[3] Within this petition, Appellant requested that the PCRA court "reinstate his <u>first</u> PCRA [petition] under this docket and to appoint him counsel to review the claims he has raised and possibly submitting any required amendment thereto." Appellant's Current PCRA Petition, 7/12/21, at 2 (emphasis in original). The PCRA court believed that this petition constituted Appellant's third PCRA petition and, thus, the PCRA court did not appoint counsel to represent Appellant. *See* PCRA Court's Notice of Intent to Dismiss, 7/15/21, at 1. The PCRA court finally dismissed Appellant's Current PCRA Petition on August 16, 2021 and Appellant filed a timely, *pro se*, notice of appeal. Appellant raises two claims to this Court:

> 1. Was the [PCRA] court in error to dismiss Appellant's first PCRA [petition] filed under [Docket Number 3421-2016], when [Appellant] had informed the court that [Appellant] has never filed a PCRA [petition] directly under said docket . . . ?

---

[3] Regardless of the title, Appellant's motion constitutes a petition under the PCRA. *See*, *e.g.*, 42 Pa.C.S.A. § 9542 (the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*"); *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) ("if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA") (emphasis in original).

2. Is [Appellant] not thus entitled to file his "first" PCRA [petition] in reference to said docket, due to either the court's clerk being in error to file both Appellant's motion for reconsideration and PCRA [petition] directly under [Docket Number 2443-2015], or the court's refusing to accept Appellant's informing the court the docket entries clearly prove[] Appellant has never filed an actual PCRA [petition] in reference to [Docket Number 3421-2016], which the court never should have dismissed?

Appellant's *Pro Se* Brief at 5.

"[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel." *Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011). This right to counsel "exists throughout the post-conviction proceedings, including any appeal from [the] disposition of the petition for post-conviction relief." *Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa. Super. 1999) (internal citations and quotation marks omitted); *see also* Pa.R.Crim.P. 904(C).

Further, our Supreme Court has explained that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998). In following, our Supreme Court has held: "if a court dismisses a *pro se* [PCRA] petition prior to the appointment of counsel, a subsequent counseled petition may not be treated as an untimely second petition." *Commonwealth v. Williams*, 828 A.2d 981, 990 (Pa. 2003); *see also Commonwealth v. Duffey*, 713 A.2d 63 (Pa. 1998) (holding: "[t]he [PCRA] court erred when it declined to appoint counsel to assist [the petitioner] with the first PCRA Petition, and the court should have permitted [the petitioner] to litigate the

- 9 -

Amended PCRA Petition with the assistance of counsel. Accordingly, we hold that the [PCRA] court committed an error of law when it granted the motion to strike the Amended PCRA Petition. We must therefore remand this case to the trial court to consider [the petitioner's] Amended PCRA Petition"); *Commonwealth v. Tedford*, 781 A.2d 1167 (Pa. 2001) (holding: "where an appellant files his first PCRA Petition without the assistance of counsel, the appellant shall be permitted to file an amended PCRA Petition with the assistance of counsel"); *Commonwealth v. Andress*, 260 A.3d 99 (Pa. Super. 2021) (non-precedential decision) at *3 (holding: "we vacate the order dismissing appellant's second PCRA petition, and remand for *nunc pro tunc* relief so that appellant may proceed in the same position he was in prior to the breakdown in the court process that began when the PCRA court failed to appoint counsel to represent appellant in his first petition") (quotation marks and some capitalization omitted).

As explained above, on February 21, 2020, Appellant filed a timely, *pro se*, first PCRA petition at Docket Number 3421-2016 and both the PCRA court and this Court erroneously allowed Appellant to litigate the entirety of the petition *pro se*. Given our failures, Appellant's Current PCRA Petition "may not be treated as an untimely second petition." *Williams*, 828 A.2d at 990. Instead, pursuant to our Supreme Court's precedent and in view of Appellant's prior uncounseled and erroneously-dismissed PCRA petition, Appellant's Current PCRA Petition must be considered a timely, first petition under the

PCRA. We thus vacate the PCRA court's order and remand the matter for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022