J-A05010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HEWLETT | : | |
| | : | |
| Appellant | : | No. 2241 EDA 2022 |

Appeal from the PCRA Order Entered July 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000583-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 10, 2023**

Richard Hewlett appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his Post-Conviction Relief Act (PCRA)[1] petition as untimely. After careful review, we vacate and remand.

On September 4, 2015, Hewlett was found guilty, following a consolidated jury trial, of aggravated assault on a police officer,[2] carrying a firearm without a license,[3] and possessing a firearm by a prohibited person.[4] Hewlett, a repeat felony offender (RFEL), was sentenced to an aggregate term of 13½ to 27 years' imprisonment. Hewlett filed a post-sentence motion that

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2702(a).

[3] *Id.* at § 6106(a)(1).

[4] *Id.* at § 6105(a)(1).

was denied by operation of law on March 15, 2016.[5]  Hewlett filed a direct appeal; our Court affirmed his judgment of sentence on June 5, 2018.  ***Commonwealth v. Hewlett***, 189 A.3d 1004 (Pa. Super. 2018).  On June 20, 2018, Hewlett filed a petition for allowance of appeal in the Pennsylvania Supreme Court.  The Supreme Court denied the petition on November 20, 2018.  ***Commonwealth v. Hewlett.***, 197 A.3d 176 (Pa. 2018) (Table).

On June 22, 2018, while his petition for allowance of appeal was pending with the Supreme Court, Hewlett filed a *pro se* PCRA petition.  The court continued the matter, noting "Defendant has an outstanding *allocat*[*u*]*r* petition," and relisted the case "for a status [on] 11/30/18."  ***See*** Trial Court Docket Entries No. 138-43, 8/17/18 & 11/30/18 (italics added).[6]  The matter was further continued several times to allow for defense and Commonwealth filings.  ***Id.*** at No. 145-62, 167.

On June 19, 2019, the PCRA court appointed counsel, Lawrence J. Bozzelli, Esquire, who filed an amended petition.  On September 20, 2019, the Commonwealth filed a motion to dismiss Hewlett's petition.  On September 27, 2019, the PCRA court gave Hewlett Pa.R.Crim.P. 907 notice of its intent

---

[5] Hewett prematurely filed a notice of appeal while his post-sentence motions were pending.  Our Court quashed the appeal as interlocutory.  ***See*** Per Curiam Order, 1/19/16.

[6] Notably, the Supreme Court had denied Hewlett's petition for allowance of appeal on November 20, 2018, ten days prior to the court's November 30, 2018 docket entries.  However, the Supreme Court's letter indicating the petition was denied is dated December 10, 2018.  This letter also shows a "filed" date of December 17, 2018 (stamp indicating filed with Appellate Trial Office of Judicial Records).

to dismiss his petition without a hearing, concluding that the issues raised in his petition were without merit. On December 6, 2019, the PCRA court dismissed Hewlett's petition. Hewlett filed a collateral appeal claiming trial counsel was ineffective for failing to appeal the discretionary aspects of his sentence. Our Court quashed the appeal, concluding that the PCRA court lacked the authority to consider Hewlett's petition where it was filed before his judgment of sentence became final. *Commonwealth v. Hewlett*, 245 A.3d 1096 (Pa. Super. 2020) (Table).

On January 21, 2021, Hewlett filed the instant *pro se* PCRA petition. On February 7, 2022, Hewlett filed a *pro se* amended petition.[7] On June 10, 2022, the PCRA court gave its Rule 907 notice of its intent to dismiss the petition without a hearing. Hewlett did not file a response. On July 29, 2022, the court dismissed Hewlett's petition as untimely. Hewlett filed this timely *pro se* appeal.

When reviewing an order denying PCRA relief, we must "determine whether it is supported by the record and is free of legal error." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

> [T]he PCRA court has discretion to dismiss a petition without a
> hearing when the court is satisfied "there are no genuine issues
> concerning any material fact, the defendant is not entitled to post-

---

[7] In his amended petition, Hewlett claims he is eligible for relief on his patently untimely PCRA petition by alleging that he can prove the "after-discovered facts" exception to the PCRA timeliness requirements. *See Pro Se* Amended PCRA Petition, 2/7/22, at ¶ 5(II).

- 3 -

conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

*Id.* at 297 (citations and some punctuation omitted).

Before we may address Hewett's substantive claims on appeal, we must first determine whether the trial court had jurisdiction to consider his initial PCRA petition. Under the PCRA, a petition "shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). Thus, a PCRA petition may only be filed *after* an appellant has waived or exhausted his or her direct appeal rights. *See Commonwealth v. Fralic*, 625 A.2d 1249, 1252 n.1 (Pa. Super. 1993); *see also* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

As a prior panel of our Court recognized, Hewett's first petition was filed prematurely while his petition for allowance of appeal was pending in the Pennsylvania Supreme Court. *See Commonwealth v. Hewlett*, 245 A.3d 1096 (Pa. Super. 2020) (Table). Although the PCRA court postponed consideration of the matter until the Supreme Court ruled on Hewlett's petition, it does not change the fact that the PCRA court "had no jurisdiction to hold and later dispose of [Hewlett's] premature PCRA petition before his [petition for allowance of appeal was denied]." *Commonwealth v. Smith*,

244 A.3d 502, 507 (Pa. Super. 2020). Rather, because his petition had been filed while a direct appeal was pending, "the PCRA court should [have] dismiss[ed] it without prejudice [to Hewlett's] right to file a petition once his direct appeal rights have been exhausted." *Commonwealth v. Bates*, 272 A.3d 984, 986 (Pa. Super. 2022) (citations, corrections, and some quotation marks omitted). Notably, in *Commonwealth v. Kubis*, 808 A.2d 196 (Pa. Super. 2002), our Court noted that a "premature petition does not constitute a first petition" because the PCRA has no applicability until the judgment of sentence becomes final. *Id.* at 197 n.4.[8]

Instantly, Hewlett's judgment of sentence became final on February 20, 2019, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* Sup. Ct. R. 13 (appellants have 90 days from denial of Pennsylvania Supreme Court's petition for allowance of appeal to file petition for certiorari with U.S. Supreme Court). Thus, Hewlett had until February 20, 2020, to file his PCRA. Hewlett's instant petition, which must be treated as his first, *see Kubis*, *supra*, was filed on January 21, 2021. Thus, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

However, in *Commonwealth v. Ramos*, 14 A.3d 894 (Pa. Super. 2011), our Court concluded that even if an "[a]ppellant's petition appears to be untimely and he appears to be ineligible for PCRA relief, counsel for

---

[8] *See also Smith*, *supra* at 507 (concluding appellant's prematurely filed PCRA petition and PCRA court's order denying premature petition "were both legal nullities").

[a]ppellant may be able to overcome both of those hurdles through an examination of all of the relevant circumstances." ***Id.*** at 896. ***See*** Pa.R.Crim.P. 904(C), (F)(2) (indigent, first-time PCRA petitioners entitled to appointment of counsel throughout post-conviction collateral proceedings, including any appeal from disposition of PCRA petition); ***see also Commonwealth v. Figueroa***, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) ("[I]t is undisputed that first[-]time PCRA petitioners have a rule-based right to counsel.").

Here, because Hewlett is an indigent,[9] first-time PCRA petitioner, the PCRA court erred when it declined to appoint Hewlett counsel to assist him with his petition. ***Bates***, ***supra*** at 989. Therefore, we must vacate the order dismissing Hewlett's current PCRA petition and remand for the appointment of PCRA counsel.[10] ***Cousar***, ***supra***.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

---

[9] In his current *pro se* PCRA petition, Hewlett avers that he has 89 cents in his prison account, has no other financial resources, does not have a lawyer, and is "without financial resources or otherwise unable to obtain a lawyer." PCRA Petition, 1/21/21, at ¶¶ 16(A-B)-17(A).

[10] In the alternative, if Hewlett wishes to waive his right to counsel, the trial court shall conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2023