J-A06014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
                           :
           v.                :
                           :
                           :
DAVID RYAN BATES            :
                           :
           Appellant     :   No. 801 WDA 2022

Appeal from the PCRA Order Entered June 10, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003421-2016


BEFORE:   OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:        **FILED: July 27, 2023**

Appellant, David Ryan Bates, appeals from the order entered June 10, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On a previous appeal, a panel of this Court summarized the relevant facts and procedural history of this case as follows.

> On March 1, 2016, Appellant pleaded guilty to theft by unlawful taking at the discrete docket number of CP-25-CR-0002443-2015 (hereinafter "Docket Number 2443-2015").  As the PCRA court explained, "[o]n May 6, 2016, [Appellant] was sentenced [at Docket Number 2443-2015] . . . to 30 days to [six] months' incarceration, followed by [two] years of supervised probation. ... [Appellant] was paroled on May 18, 2016."
>
> [Thereafter,

---

[*] Retired Senior Judge assigned to the Superior Court.

[o]n the evening of September 24, 2016, Pennsylvania State Police Troopers John Stephanik and his partner were patrolling a high crime area in a marked police cruiser when they encountered a white car with a defunct headlight. The [t]roopers activated their lights and initiated a traffic stop of the white car. Trooper Cody Williams and his partner arrived behind Trooper Stephanik in a second patrol car. As soon as the white car pulled over in front of the two police cruisers, a man jumped out from the right passenger side of the vehicle and fled the scene. Trooper Stephanik jumped out of his patrol car and pursued the fleeing suspect on foot. During the 20 to 25 second chase, the suspect and Trooper Stephanik ran through a yard and over a chain link fence. Trooper Williams, from the second patrol car, also pursued the suspect on foot, for [five] to 10 seconds, attempting to cut him off at an angle. Troopers Stephanik and Williams joined up and tackled the suspect who was attempting to scale a [six-foot-high] wooden fence. During the tackle, a large plastic bag containing a powdered substance fell out of the suspect's pocket. The suspect struggled with the officer and was cuffed and taken to the police cruiser. The suspect was identified as [Appellant.]

Minutes after the chase, troopers conducted a flashlight search of the suspect's path of travel from [the] white car to the fence where he was stopped and [handcuffed]. The path of travel was approximately 50 to 75 feet. The troopers found a hat they had observed the suspect wearing when he exited the white car. They also found a bandana and a gun. The hat and bandana were approximately [two] to [three] feet apart, and the gun was approximately 10 feet from the articles of clothing.

***Commonwealth v. Bates***, 2018 WL 4057392 *1, *2 (Pa. Super. 2018) (unpublished memorandum)]

On November 28, 2016, the Commonwealth charged Appellant at the current docket number – docket number CP-25-CR-0003421-2016 (hereinafter "Docket Number 3421-2016") – with a number of crimes, including: possession of a controlled substance with the intent to deliver ("PWID"), receiving stolen property, persons not to possess firearms, firearms not to be carried without a license, and [simple] possession of cocaine. As we explained:

*****

>At the first trial, the jury (1) found Appellant guilty of possession of a firearm prohibited, firearms not to be carried without a license, and possession of a controlled substance; (2) acquitted him of receiving stolen property; and (3) was unable to agree on a verdict as to PWID. On April 7, 2017, the trial court sentenced Appellant to concurrent sentences on his three convictions, yielding an aggregate term of five to [10 years'] imprisonment.
>
>A new jury trial was held on the PWID charge on June 22, 2017, resulting in a conviction. On August 7, 2017, Appellant was sentenced on the PWID conviction to eighteen to [36] months incarceration, set to run consecutively to the [five to 10]-year sentence imposed on April 7, 2017.

[**Bates**, **supra**, at *1-*2] (footnote omitted).

Appellant filed a timely notice of appeal at Docket Number 3421-2016, where he challenged the sufficiency of the evidence supporting his convictions and claimed that his sentence was illegal. **See id.** at [*2]. On August 27, 2018, this Court held that Appellant's sufficiency claims failed, but that his sentence was illegal because his simple possession conviction merged with his PWID conviction for sentencing purposes. Nevertheless, since the trial court ordered Appellant's sentence for simple possession to run concurrently with his other sentences, we simply vacated Appellant's sentence for simple possession and did not remand for resentencing, as our order did not upset the trial court's sentencing scheme. **Id.** at [*4-*5.]

Appellant filed a timely petition for allowance of appeal at Docket Number 3421-2016 with our Supreme Court. The Supreme Court denied Appellant's petition for allowance of appeal on March 13, 2019. **See Commonwealth v. Bates**, 204 A.3d 364 (Pa. 2019).

As the PCRA court explained:

>As a result of [Appellant's] charges at [Docket Number 3421-2016], on April 7, 2017, [the trial court] revoked [Appellant's probation] at [Docket Number 2443-2015] and re-sentenced him to [one to five] years' incarceration.

> ... This sentence was made consecutive to [Appellant's] sentence at [Docket Number 3421-2016]."

PCRA Court Opinion, 4/4/18, at 2-3.

On February 16, 2018 – while Appellant's direct appeal at Docket Number 3421-2016 was pending before this Court – Appellant filed a PCRA petition and claimed that "he was awarded an illegal sentence upon revocation because his revocation sentence was greater than his original sentence." Appellant's PCRA petition listed both Docket Number 2443-2015 and Docket Number 3421-2016 in the caption and the PCRA petition was filed at both docket numbers. Nevertheless, the post-conviction claim and the PCRA petition pertained solely to Docket Number 2443-2015, as that was the docket where the trial court "revoked [Appellant's] [probation] . . . and re-sentenced him to [one to five] years' incarceration." Further, since Appellant's direct appeal at Docket Number 3421-2016 was pending before this Court when Appellant filed his PCRA petition, the PCRA court lacked jurisdiction to consider any PCRA petition relating to Docket Number 3421-2016 until the direct appeal at Docket Number 3421-2016 was resolved[.]

The PCRA court recognized that the petition related solely to Docket Number 2443-2015 and acknowledged that it did not have jurisdiction to consider any post-conviction collateral claims pertaining to Docket Number 3421-2016, as Appellant's direct appeal at that docket was still pending before the Superior Court. … The PCRA court eventually dismissed this PCRA petition on June 22, 2018.

As noted above, on August 27, 2018, this Court affirmed in part and vacated in part Appellant's judgment of sentence at Docket Number 3421-2016. The Pennsylvania Supreme Court then denied Appellant's petition for allowance of appeal on March 13, 2019. **See** [**Bates, supra**,] *appeal denied*, 204 A.3d 364 (Pa. 2019). On February 21, 2020, Appellant filed a timely, *pro se*, first PCRA petition at Docket Number 3421-2016. Although this was Appellant's first PCRA petition – and Appellant, thus, had a rule-based right to have counsel represent him during the PCRA proceedings – the PCRA court neither appointed counsel for Appellant nor held a hearing to determine whether Appellant wished to waive his right to counsel. … Indeed, the PCRA court expressly refused to appoint counsel to represent Appellant during the proceedings because, it reasoned: "counsel was

appointed to represent [Appellant] on his first PCRA [petition], filed on February 16, 2018. Counsel filed a supplement to the PCRA [petition] on March 27, 2018. [Appellant] is not entitled to have counsel appointed to him on subsequent PCRAs." However, as was explained above, Appellant's February 16, 2018 PCRA petition did not relate to [Docket Number 3421-2016,] the current docket number. Instead, the earlier petition related solely to Docket Number 2443-2015.

On May 21, 2020, the PCRA court finally dismissed Appellant's petition and Appellant filed a timely, *pro se*, notice of appeal. [Ultimately, on October 14, 2020, this Court dismissed Appellant's appeal because he failed to file a docketing statement.]

\*\*\*

On July 12, 2021, Appellant filed a *pro se* petition in the PCRA court, entitled "Motion for Writ of Error Requesting Re-Appointment of Counsel – For PCRA Not Filed on Feb. 16, 2018 as Court Proclaims Which Docket Entries of Feb. 16, 2018 Proves" (hereinafter, "[Appellant's July 2021 Petition]"). Within this petition, Appellant requested that the PCRA court "reinstate his first PCRA [petition] under [Docket Number 3421-2016,] this docket[,] and [] appoint him counsel to review the claims he has raised and possibly submitting any required amendment thereto." The PCRA court believed that this petition constituted Appellant's third PCRA petition and, thus, the PCRA court did not appoint counsel to represent Appellant. The PCRA court finally dismissed Appellant's [] PCRA Petition on August 16, 2021 and Appellant filed a timely, *pro se*, notice of appeal.

***Commonwealth v. Bates***, 272 A.3d 984, 985–988 (Pa. Super. 2022) (parallel citations, footnotes, most internal citations, and emphasis omitted).

Ultimately, this Court vacated the PCRA court's order dismissing Appellant's July 2021 Petition, concluding that "Appellant filed a timely, *pro se*, first PCRA petition at Docket Number 3421-2016 and both the PCRA court and this Court erroneously allowed Appellant to litigate the entirety of the petition *pro se*." ***Id***. at 989. We further held that, for this reason, [Appellant's

- 5 -

July 2021 Petition 'could] not be treated as an untimely second petition'" and, instead, had to be considered a timely, first petition under the PCRA. ***Id.*** (quotation omitted). We then remanded the matter for further proceedings. ***Id.***

Upon remand, the PCRA court appointed counsel, further ordering counsel to file an amended or supplemental PCRA petition on or before April 29, 2022. PCRA Court Order, 3/30/22, at 1. On April 26, 2022, Appellant's counsel filed a supplemental PCRA petition. Appellant's Supplemental PCRA Petition, 4/26/22, at *1-*6 (unpaginated). On May 2, 2022, the PCRA court entered an order pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, stating its intent to dismiss Appellant's petition without a hearing. PCRA Court Order, 5/2/22, at 1. The court dismissed Appellant's petition on June 10, 2022, and this timely appeal followed.

Appellant raises the following issue on appeal:

> Whether the Commonwealth committed a discovery violation in failing to disclose the articles of clothing from the foot [chase] area[?]

Appellant's Brief at 2 (superfluous capitalization omitted).

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding;

however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Moreover,

[t]o be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* Additionally, [an] appellant must show his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S.[A.] § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.[A.] § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.[A.] § 9544(b).

*Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (some citation omitted).

Herein, Appellant claims that the Commonwealth failed to disclose "evidence consisting of clothing" and that the Commonwealth's alleged failure amounted to a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant's Brief at 5 and 7. Appellant further argues that, "had the

- 7 -

Commonwealth afforded due and timely pre-trial notice of the clothing in compliance with the discovery motions[,] he would have been in a position to benefit from a defense focused on that specific evidence," resulting in a "different outcome at trial." ***Id.*** at 5. Upon review, however, it is apparent that Appellant "was aware of the alleged ***Brady*** material . . . at the time of his trial." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1129 (Pa. 2011) (concluding that collateral relief petitioner waives ***Brady*** claims for failure to raise them in a prior proceeding if ***Brady*** material was available at the time of trial or direct appeal). Indeed, the factual basis for Appellant's claims is that the Commonwealth failed to produce the so-called "exculpatory evidence" until "the **day of trial on February 10, 2017**." Appellant's Brief at 5 (emphasis added). Hence, Appellant's ***Brady*** claim is waived for failure to raise it an earlier proceeding, such as at trial or on direct appeal.[1] ***See***

_____

[1] Appellant did not raise his claim in the context of a challenge to the effectiveness of trial counsel. Appellant's supplemental PCRA petition filed on April 26, 2022 set forth two claims: (1) trial counsel provided ineffective assistance by failing to file a motion to suppress regarding the firearm recovered by the state troopers; and (2) the Commonwealth failed to disclose exculpatory evidence. ***See*** Supplemental PCRA Petition, 4/26/22, at *1 and *2. On appeal, however, counsel "deemed that there was no arguable merit to the ineffectiveness claim for want of the filing of a suppression motion" but "did present and preserve the claim relating to a discovery violation involving the failure to timely disclo[se] . . . the articles of clothing." Appellant's Brief at 3-4. It is therefore clear that Appellant raised a ***Brady*** violation claim separate from his ineffectiveness claim. It is equally clear, however, that Appellant abandoned his ineffectiveness claim in this appeal.

The contents of Appellant's brief to this Court do not alter our conclusion that Appellant abandoned his ineffectiveness claim in this proceeding. Although
*(Footnote Continued Next Page)*

***Chmiel***, ***supra***; ***see also Commonwealth v. Roney***, 79 A.3d 595, 609 (Pa. 2013) ("We must note first that all of the ***Brady*** violations [the a]ppellant allege[d] in this issue could have been raised at trial and/or on direct appeal." … "Accordingly, this issue is waived.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2023

---

Appellant's brief summarizes the legal standard for asserting an ineffectiveness challenge, Appellant does not apply the standard to the facts underlying his ***Brady*** challenge. Indeed, Appellant does not argue, for example, that trial counsel was ineffective for failing to object to the Commonwealth's failure to produce the clothing, or to disclose the existence of the evidence, before the commencement of trial. Appellant has thus abandoned his ineffectiveness claim on this appeal.