J-A07027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL EARL LATTIMER | : | |
| | : | |
| Appellant | : | No. 29 MDA 2023 |

Appeal from the PCRA Order Entered June 29, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000546-2012

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:             **FILED: JULY 31, 2024**

Russell Earl Lattimer ("Lattimer") appeals *pro se* from the 2016 dismissal of his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] following the reinstatement of his right to appeal. We vacate the order dismissing Lattimer's first PCRA petition and remand for further proceedings consistent with this decision.

We summarize the factual and the lengthy, and complicated, procedural history of this appeal as follows. A jury convicted Lattimer of rape, aggravated assault, and related offenses, stemming from the years-long abuse of his biological daughter and the daughters of his paramour, and the trial court

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

sentenced him to an aggregate term of thirty years and seven months to eighty-one years of incarceration. **See generally Commonwealth v. Lattimer**, 106 A.3d 149 (Pa. Super. 2014) (unpublished memorandum at *1). This Court affirmed on direct appeal. **See id**. at *8. Our Supreme Court denied review in January 2015. **See Commonwealth v. Lattimer**, 260 A.3d 156 (Pa. Super. 2021) (unpublished memorandum at *1).

In December 2015, Lattimer filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel ("first PCRA counsel"), who filed an amended petition alleging after-discovered evidence and several claims of ineffective assistance of trial counsel. **See id**. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the amended petition because the alleged after-discovered evidence was available at trial and the court lacked jurisdiction because the petition was untimely filed. **See** Rule 907 Notice, 5/12/16, at 1. First PCRA counsel filed a response asserting, correctly, that Lattimer timely sought PCRA relief within a year after the conclusion of his direct appeal. The PCRA court dismissed the amended petition without further explanation. **See** Order, 6/29/16, at 1. While first PCRA counsel apparently mailed a copy of a notice of appeal to the PCRA court's chambers, he never filed a notice of appeal. **See Lattimer**, 260 A.3d 156 (unpublished memorandum at *2 & nn.5-6).

In November 2016, Lattimer filed a second PCRA petition, *pro se*,[2] after which the PCRA court appointed counsel ("second PCRA counsel"), who did not comply with a PCRA court order to file an amended petition. ***See id***. at *2. The PCRA court nevertheless ultimately dismissed the second petition as untimely. Lattimer appealed, and this Court vacated the order dismissing the second petition, and remanded for the PCRA court to consider whether first PCRA counsel was ineffective for failing to perfect an appeal from the dismissal of the first PCRA petition. ***See id***. at *5.

Following our remand, the PCRA court appointed new counsel ("third PCRA counsel"), ***see*** Order, 10/6/21, and scheduled a hearing on this issue. ***See*** Order, 6/28/22. Following the hearing, the PCRA court granted relief and reinstated Lattimer's right to appeal the dismissal of his first PCRA petition. ***See*** Order, 9/16/22.[3] Third PCRA counsel failed to timely file a notice of appeal pursuant to Pa.R.A.P. 903(a).[4] Instead, approximately two-and-a-half

_____

[2] Lattimer asserted in his petition that first PCRA counsel was ineffective for, *inter alia*, failing to perfect an appeal from the dismissal of the first PCRA petition. ***See Lattimer***, 260 A.3d 156 (unpublished memorandum at *2).

[3] The order stated, in relevant part, "[Lattimer's] right to appeal from his first PCRA petition is hereby reinstated effective immediately," but, crucially, the order did not indicate a notice of appeal had to be filed within thirty days. Order, 9/16/22, at 1.

[4] An order disposing of a PCRA petition is a final order for purposes of appeal, ***see*** Pa.R.Crim.P. 910, and is therefore subject to Rule 903(a)'s timeliness requirement. ***See also Commonwealth v. Wright***, 846 A.2d 730, 735 (Pa. Super. 2004).

months later, third PCRA counsel, along with the Commonwealth, filed a "Stipulation to Reinstate Appellate Rights," in which the parties agreed to extend the time for appeal. A separate jurist granted the petition, **see** Order 12/7/22, and third PCRA counsel filed a notice of appeal, **see** Notice of Appeal, 1/5/23, and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) in which it opined that Lattimer failed to timely appeal, recommending this Court quash Lattimer's appeal, and stating that Lattimer's only recourse was to file a third PCRA petition. **See generally** PCRA Court Opinion, 7/26/23 (unnumbered at 3-4).[5]

Lattimer raises the following issue for our review:

> The PCRA court erred as a matter of law in concluding that [Lattimer's] claims of ineffective assistance of counsel were precluded by the [PCRA's] one-year jurisdictional time bar[,] pursuant to 42 Pa.C.S.A. § 9545(b)(1)[,] when, in fact, the claims presented in the [PCRA] petition were timely filed.

Lattimer's Brief at 4.

Preliminarily, we reject the PCRA court's assertion that this appeal is untimely.[6] In **Wright**, this Court held that an appellant must file an appeal

---

[5] In the interim, Lattimer moved to proceed *pro se* with this appeal, and another jurist conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998), and concluded that Lattimer had knowingly, voluntarily, and intelligently waived his right to counsel, and withdrew third PCRA counsel's appearance. **See** Order, 4/28/23.

[6] **See Commonwealth v. Wooden**, 215 A.3d 997, 999 (Pa. Super. 2019) (noting that the timeliness of a notice of appeal implicates this Court's jurisdiction).

*nunc pro tunc* within thirty days of the order reinstating his appellate rights. **See** 846 A.2d at 735. However, we also declined to quash an otherwise untimely appeal where the order did not inform the appellant that he had thirty days to file the appeal *nunc pro tunc*. **See id**. Here, the PCRA court's order reinstating Lattimer's right to appeal the dismissal his first PCRA petition did not inform him of the thirty-day requirement. **See** Order, 9/16/22, at 1. This defect alone excuses Lattimer's failure to appeal in a timely manner, and, accordingly, we will not quash this appeal.[7]

Turning to the merits of this appeal, Lattimer asserts that he timely filed his first PCRA petition filed in 2015. This Court has already stated as much in our prior decision, **see Lattimer**, 260 A.3d 156 (Pa. Super. 2021) (unpublished memorandum at *1), and the Commonwealth agrees. **See** Commonwealth's Brief at 2. As it is apparent that Lattimer filed his first *pro se* PCRA petition within eleven months of the denial of his petition for allowance of appeal in his direct appeal, the PCRA court clearly erred when it

---

[7] Because there was a breakdown in the PCRA court, we need not consider whether the "Stipulation to Reinstate Appellate Rights" met the requirements of a subsequent, and timely, PCRA petition. **Cf**. **Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa. Super. 2002) (noting that all requests for the reinstatement of appellate rights must be filed pursuant to the PCRA and meet the timeliness requirements of a PCRA petition).

asserted Lattimer's first PCRA petition was untimely filed. *See* Rule 907 Notice, 5/12/16, at 1.[8]

Here, our review reveals that Lattimer's amended PCRA petition raised a claim of after-discovered evidence and several claims of trial counsel's ineffectiveness. *See* Amended PCRA Petition, 4/22/16, at ¶¶ 5, 6(A)-(E). The PCRA court's cursory Rule 907 notice only explained that the amended petition failed to raise issues of fact because: (1) the alleged after-discovered evidence was available to counsel and Lattimer failed to show they were exculpatory; and (2) Lattimer failed to timely file his petition. *See* Order, 5/12/16. The PCRA court never addressed the additional claims of trial counsel's ineffectiveness, nor, aside from its erroneous conclusion that the petition was untimely filed, did it explain why the remaining claims raised in the amended petition were meritless.

Our Supreme Court has explained: "[I]n order to enable appellate review, PCRA courts are required to provide a legally robust discussion, complete with clear findings of fact where required." *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015) (internal citation and quotations omitted). Indeed, "[w]here a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate

_____

[8] The Commonwealth advances several arguments in opposition to Lattimer's arguments, though it concedes the PCRA court "found there were no 'genuine issues concerning any material fact[,]' but did not discuss it further." *See* Commonwealth's Brief at 2-3.

- 6 -

opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate." ***Id***. The remand may necessitate further proceedings below. ***See id***.

Here, because the only apparent basis for the PCRA court's dismissal of the entirety of Lattimer's first amended PCRA petition was its faulty timeliness analysis, which is indisputably incorrect, we conclude the appropriate remedy is to vacate the PCRA court's order dismissing Lattimer's first amended petition and remand this matter for further proceedings. ***See id***. at 411 (vacating and remanding where the PCRA court's analysis was deficient, thereby impeding meaningful appellate review). Upon remand, the court shall appoint Lattimer new counsel, after which the court shall reconsider Lattimer's timely-filed first amended PCRA petition, and either hold a hearing, or, alternatively, issue a Pa.R.Crim.P. 907 notice specifically identifying the defects in the petition, and/or explaining the court's reasons for concluding that the claims would not merit relief. ***See Commonwealth v. Bates***, 272 A.3d 984, 988-89 (Pa. Super. 2022) (PCRA petitioners have a rule-based right to counsel in connection with a first PCRA petition); ***Commonwealth v. Vo***, 235 A.3d 365, 372 (Pa. Super. 2020) (stating that the purpose of a Rule 907 notice is to allow the petitioner an opportunity to seek leave to amend his petition and correct any material defects as to permit a merits review of potentially arguable claims). New counsel shall be afforded adequate time to respond to the Rule 907 notice or seek leave of the court to file a second

amended petition; after which the PCRA court may decide to hold an evidentiary hearing, consider whether to grant leave (if requested) to amend the petition, or dismiss the petition.[9]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/31/2024

---

[9] **See** Pa.R.Crim.P. 907(a) (providing, *inter alia*, that the PCRA court may, upon a response to a Rule 907 notice, may "order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue").