J-A17013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAR PENNY | : | |
| | : | |
| Appellant | : | No. 113 WDA 2025 |

Appeal from the PCRA Order Entered January 23, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000471-2018

BEFORE:  McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: October 1, 2025**

Lamar Penny appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand for the appointment of counsel.

Penny was convicted by a jury of unlawful possession of a firearm, possession with intent to deliver controlled substances, and related offenses. ***See*** 18 Pa.C.S.A. § 6105 and 35 P.S. § 780-113(a)(30). The trial court sentenced him on July 11, 2019, to an aggregate of seven to 14 years' incarceration. ***See Commonwealth v. Penny***, No. 531 WDA 2020, 2021 WL 4551681, at *1 (Pa.Super. filed Oct. 5, 2021) (unpublished mem.).

In March 2020, through counsel, Penny filed a motion for leave to appeal *nunc pro tunc*. The court granted the motion, and Penny filed a notice of appeal *nunc pro tunc* in May 2020. We affirmed the judgment of sentence,

and the Pennsylvania Supreme Court denied review in April 2022. *Commonwealth v. Penny*, 276 A.3d 201 (Table) (Pa. 2022).

In the interim, Penny filed a *pro se* PCRA petition. The court denied the petition as premature, as Penny's direct appeal was still pending.

In July 2022, the court entered an amended sentencing order, giving Penny credit for time served.

The following year, in April 2023, Penny sent a *pro se* document to the court titled, "Petition for Review."[1] The clerk of courts forwarded a copy of the petition to the Fayette County Public Defender's office, stating that because Penny was represented by counsel, it would not accept the *pro se* filing. Letter from Clerk of Courts, dated 5/16/23. In June 2023, Penny sent a letter to the clerk of courts regarding the status of his petition, who filed a response to the letter informing Penny that his petition was "part of the docket." Letter from Clerk of Courts, dated 6/9/23.

On October 2, 2023, Penny filed a *pro se* PCRA petition. His petition contained a request for the appointment of counsel, claiming indigence. The court denied it just two days later, on October 4, 2023, as untimely. The court did not appoint counsel or file notice of its intent to dismiss the petition. Penny submitted another copy of the petition to the trial court, which was filed on October 23, 2023.

---

[1] The petition was stamped as received by the court administrator on April 3, 2023.

On December 19, 2024, Penny filed the instant PCRA petition, *pro se*. On December 23, 2024, the court issued notice of its intent to dismiss the petition as untimely. It did not appoint counsel. Penny filed a *pro se* response on January 13, 2025. The court dismissed the petition as untimely on January 15, 2025. Penny appealed.

Penny raises the following issues:

1. Did the PCRA court err in dismissing the PCRA petition as trial counsel was ineffective for failing to preserve the sentencing issue in a motion to reconsider sentence where the trial court imposed an illegal sentence?

2. Whether trial counsel was ineffective for failure to preserve and pursue the claim that the two consecutive sentences would disqualify [Penny's] eligibility to enroll boot camp to compromise his [rehabilitative] needs?

3. Whether trial counsel was ineffective for failing to challenge the legality of [Penny's] sentence at the sentencing hearing?

Penny's Br. at 3. The Commonwealth has not filed a brief.

We will first address whether the PCRA court erred in failing to appoint counsel for Penny. This is an issue which we are required to raise *sua sponte*. ***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa.Super. 2020).

A PCRA petitioner has a rule-based right to counsel on a first PCRA petition. Pa.R.Crim.P. 904(C); ***Commonwealth v. Bradley***, 261 A.3d 381, 391 (Pa. 2021). The PCRA court is required to appoint counsel to an indigent petitioner regardless of the apparent cognizability of the petitioner's claims, and regardless of whether the petition appears on its face to be untimely. ***Commonwealth v. Miranda***, 317 A.3d 1070, 1075 (Pa.Super. 2024);

*Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa.Super. 2011). Counsel should be permitted "to investigate underlying facts and explore whether such facts are sufficient to prove" the petition's timeliness, before the petition faces the scrutiny of the court. *Commonwealth v. Smith*, 818 A.2d 494, 501 (Pa. 2003). Counsel may then opt to file an amended petition. *See Commonwealth v. Williams*, 828 A.2d 981, 989 (Pa. 2003) (citing Pa.R.Crim.P. 904, 905).

The instant appeal does not appear to be from the denial of Penny's first PCRA petition. Penny filed his purported first PCRA petition in October 2023.[2] However, the court dismissed this petition without appointing counsel. Penny filed the instant petition – ostensibly, his second – and the court again dismissed the petition as untimely without appointing counsel.

In *Commonwealth v. Bates*, we noted that "if a court dismisses a *pro se* [PCRA] petition prior to the appointment of counsel, a subsequent counseled petition may not be treated as an untimely second petition." 272 A.3d 984, 989 (Pa.Super. 2022) (quoting *Commonwealth v. Williams*, 828 A.2d 981, 990 (Pa. 2003)). In *Bates*, the PCRA court failed to appoint counsel

---

[2] Penny previously filed a PCRA petition while his direct appeal was still pending. However, a premature PCRA petition does not constitute a "first" petition, as a PCRA petition may only be filed after the conclusion of the direct appeal. *See Commonwealth v. Smith*, 244 A.3d 13, 16-17 (Pa.Super. 2020); *Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa.Super. 2002).

on the petitioner's first PCRA petition, which was facially timely,[3] and dismissed it. *Id.* at 987. The petitioner filed a second PCRA petition, and the court again dismissed the petition without appointing counsel. *Id.* at 988. On appeal, we determined that because the petitioner's first petition had been litigated without counsel, his second petition must be considered a first PCRA petition. *Id.* at 989. We remanded, stating "[I]n view of [the a]ppellant's prior uncounseled and erroneously-dismissed PCRA petition, [the a]ppellant's [c]urrent PCRA [p]etition must be considered a timely, first petition under the PCRA." *Id.*; *see also Commonwealth v. Andress*, No. 586 WDA 2020, 2021 WL 2769846 at **3 (Pa.Super. filed July 1, 2021) (unpublished mem.) (vacating order dismissing second PCRA petition and remanding where court failed to appoint counsel on either first or second petition; concluding failure to appoint counsel on first, timely petition was a "breakdown in the court process" warranting *nunc pro tunc* relief).

Here, the court failed to appoint counsel to Penny on either of the PCRA petitions he filed following the conclusion of his direct appeal. While both the October 2023 and December 2024 petitions appear facially untimely, Penny was without the benefit of counsel to explore that issue before the court dismissed the petitions.

---

[3] The petition in **Bates** was filed within the first year of the finality of the judgment of sentence. **See** 42 Pa.C.S.A. § 9545(b)(1). A petition will also be considered timely if it meets any of three exceptions to the one-year deadline that are enumerated by statute. *Id.* at § 9545(b)(1)(i)-(iii).

This problem is compounded by the fact that before he submitted either PCRA petition, in April 2023, Penny submitted a so-called "Petition for Review." This came within a year of the conclusion of Penny's direct appeal.[4] Yet, the court took no action on that petition except to forward it to Penny's previous counsel.[5] If the claims in that petition fell within the ambit of the PCRA, such that the court should have treated the filing as a PCRA petition and appointed counsel, this may also affect whether Penny's subsequent petitions should be treated as timely. *See Commonwealth v. Fantauzzi*, 275 A.3d 986, 995 (Pa.Super. 2022) ("[R]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"); *Commonwealth v. Quiles-Lopez*, No. 1605 MDA 2021, 2022 WL 17335738, at *2-*4 (Pa.Super. filed November 30, 2022) (unpublished mem.) (finding court erred in failing to treat earlier *pro se* filing as a PCRA petition and appoint counsel; remanding where counsel on subsequent petition concluded appeal was frivolous because subsequent petition was allegedly untimely).

_____

[4] Notwithstanding the court's amendment of Penny's judgment of sentence in July 2022, Penny's direct appeal concluded in July 2022, 90 days after the Pennsylvania Supreme Court denied review. *See* 42 Pa.C.S.A. § 9543(b)(3) (providing judgment of sentence becomes final at the conclusion of time for seeking direct review); *Commonwealth v. Hackett*, 956 A.2d 978, 980, 980 n.4 (Pa. 2008) (explaining judgment of sentence came final when 90-day period for seeking review by the United States Supreme Court expired).

[5] Penny's direct appeal counsel was no longer representing Penny after his direct appeal concluded. *See* Pa.R.Crim.P. 120(A)(4).

We therefore vacate the order denying the petition as untimely, and remand for the appointment of counsel.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/01/2025